IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-549-BO

| | |
|---|---|
| RONALD LEE JEFFREY, )<br>Plaintiff, )<br>vs. )<br>)<br>MID-ATLANTICARE SOUTH LLC, )<br>Defendant. ) | O R D E R |

This matter is before the Court on Defendant's Motion to Strike Certain Allegations from the Complaint [DE 7]. Plaintiff has responded [DE 13] and the matter is ripe for ruling.

## BACKGROUND

Plaintiff filed this action in the Superior Court of Wake County, North Carolina, seeking to recover commission-based employment compensation following his employment and termination by Defendant. Defendant removed the action on October 11, 2011, pursuant to this Court's diversity jurisdiction over the dispute. 28 U.S.C. § 1332. Plaintiff's complaint contains claims for unpaid wages and compensation wrongfully withheld in violation of Maryland law, written employment agreements, and in the alternative relevant North Carolina law.

Plaintiff's complaint contains what Defendant contends are post-employment settlement negotiations which are immaterial, impertinent, and prejudicial under Federal Rule of Evidence 408. Defendant asks this Court to strike Plaintiff's allegations at paragraphs 58 through 78, as well as Exhibit B to the complaint that contains the separation agreement and release between Plaintiff and Defendant.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a

pleading any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f). A court has broad discretion when considering a Rule 12(f) motion, though the striking of a pleading is an extreme measure and such motions are "viewed with disfavor and infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

The federal rules of evidence provide that statements concerning compromise or attempts to compromise with regard to disputed claims are not admissible by any party to prove liability, validity, or the amount of a claim. Fed.R.Evid. 408(a). The policy behind Rule 408 of "favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions." *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988). Rule 408 applies only to exclude evidence concerning *disputed* claims; "a dispute arises only when a claim is rejected at the initial or some subsequent level." *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 50 F.3d 476, 480 (7th Cir. 1995). Evidence of compromise or attempts to compromise is not excluded under Rule 408 if not offered to show liability, validity, or amount, but rather to show, for example, bias, lack of undue delay, or obstruction of a criminal prosecution. Fed.R.Evid. 408(b).

At the outset, the Court notes that Exhibit B, referenced in both Plaintiff's complaint and Defendant's Motion to Strike, is not in the record before the Court and therefore is not the subject of the this order. It its factual recitation, Plaintiff's complaint turns to the subject of Plaintiff's termination at ¶ 54. Paragraphs 58 through 78 concern Plaintiff's separation from Defendant, including discussions regarding, terms, and conditions of Plaintiff's separation agreement and severance package. Paragraphs 58 through 65 discuss the terms of the first separation agreement offered by Defendant to Plaintiff; paragraphs 66 through 69 note Plaintiff's

2

response to the initial agreement, including his identified inconsistencies and questions regarding payment; paragraph 72 notes that, after discussion, Plaintiff and Defendant agreed to revise the separation agreement; paragraphs 73 through 75 concern email exchanges between Plaintiff and Defendant regarding the separation agreement; paragraphs 76 through 77 concern Plaintiff's receipt of a revised separation agreement; paragraph 78 concerns Defendant's contact with Plaintiff to state that the offer was revoked.

Plaintiff appears to concede that the allegations in ¶ 66 through 78 concern a claim that was in dispute. Indeed, a dispute "need not crystallize to the point of threatened litigation" to be excluded by Rule 408. *Affiliated Mfrs. v. Aluminum Co. Of Am.*, 56 F.3d 521, 527 (3rd Cir. 1995). Additionally, because Plaintiff had already been terminated from his employment, the Court finds that there was an actual dispute between Plaintiff and Defendant with regard to the matters discussed in ¶¶ 59 through 65. *See Weems v. Tyson Foods, Inc.*, 665 F.3d 958, 965 (8th Cir. 2011) (finding "no difficulty concluding, as a matter of law, that there was an actual dispute between [Plaintiff] and [Defendant] when [Defendant] offered the separation agreement" following Plaintiff's employment termination by Defendant and excluding evidence of the same). Accordingly, the Court will not consider the allegations contained in ¶¶ 58 through 78 of Plaintiff's complaint on the issue of Defendant's liability or the amount claimed as provided by Rule 408.

In addition to challenging whether the subject allegations concern a disputed claim, Plaintiff also contends that the allegations contained in ¶¶ 58 through 78 are necessarily pled to show bad faith and refusal to pay in order to assert a right to treble damages under Maryland law or liquidated damages under North Carolina law. Defendant argues that Plaintiff is merely

3

attempting to assert a permissible purpose and "repackage evidence" that ultimately bears on liability.

Defendant correctly notes that North Carolina law requires not that the employee plead bad faith, but rather that the employer show good faith in order to avoid liquidated damages. N.C. Gen. Stat. § 95-25.22. The Maryland Wage and Hour Act provides that if a court finds that wages were withheld not as a result of a bona fide dispute it may award treble damages to the employee. MD. CODE ANN., LAB. & EMPL. § 3-507.2. A bona fide dispute does not exist if the employer did not act in good faith when it refused to pay. *Marroquin v. Canales*, 505 F. Supp.2d 283, 296 (D.Md. 2007). The Court has before it insufficient evidence at this early stage of the proceeding to determine whether Maryland law would apply to the instant dispute. However, in this instance in which the question of whether evidence of compromise is offered for the purpose of showing liability or for another, permitted purpose reveals purposes that are "closely intertwined," the Court finds that the policy underlying Rule 408 outweighs the necessity for Plaintiff to allege evidence regarding bad faith in his settlement negotiations with Defendant. *See Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2nd Cir. 1989).

While the Court agrees with Defendant that a thinly veiled attempt to skirt the boundaries of exclusion under Rule 408 should not be rewarded, it is informed by the Fourth Circuit's holding in *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, and finds that the allegations in ¶¶ 58 through 78 should be stricken, subject to reconsideration of the matter if it is later revealed that an appropriate exception to Rule 408 applies. 227 Fed. App'x 239, 247 (4th Cir. 2007) (unpublished).

4

## CONCLUSION

Accordingly, for the reasons discussed above, Defendant's Motion to Strike is GRANTED. The allegations contained in Plaintiff's complaint at ¶¶ 58 through 78 are STRICKEN, subject to reconsideration if it is later revealed that an appropriate exception to Rule 408 applies. Plaintiff is DIRECTED to file an amended complaint within fifteen (15) days of the date of entry of this order.

SO ORDERED, this __30__ day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE